## LECHNYR v. GERMANSKY.

(Supreme Court, Appellate Term. January 8, 1909.)

BROKERS (§ 88*)—ACTIONS FOR COMPENSATION—QUESTIONS FOR JURY—USURY.
　　Where, in an action by a broker to recover compensation for obtaining a loan for defendant, the evidence shows that the contract signed by defendant referred to the making of the loan by plaintiff, but also called for the acceptance of the loan the following day, and that the lender produced was ready and willing to make the loan, and the transaction failed because the defendant's property was incumbered beyond the condition of the application, the question whether the contract of employment was as testified to by plaintiff, or was in fact a cover for usury, was a question for the jury.
　　[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 88.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William Lechnyr against Max Germansky. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF, and GUY, JJ.

Henry D. Patton, for appellant.
Isaac Josephson, for respondent.

BISCHOFF, J. The proof before the court supported a prima facie case of the plaintiff's performance of an agreement to procure a loan upon the defendant's property for a definite compensation. While the paper signed by the defendant referred to the "making" of the loan by the plaintiff, it also called for the acceptance of the loan the following day, a condition which certainly suggested that some person other than the plaintiff, to whom the paper was at once delivered by the defendant, was to accept the application, and that this was the actual agreement which the ambiguously expressed writing was aimed to embody appeared directly from the testimony. It was also shown, prima facie, that the lender produced was ready and willing to make the loan, but that the transaction failed because the property was incumbered beyond the condition of the application. Whether the agreement of employment was as testified to by the plaintiff, or was in fact a cover for usury, necessarily became a question for the jury to deter-

mine, and it was error for the justice to resolve that question against the plaintiff upon a motion for nonsuit.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.